WILLIAM C. BUTLER v. EASTON AND AMBOY RAILROAD COMPANY AND THE LEHIGH VALLEY RAILROAD COMPANY.

Submitted December 1, 1904—Decided February 27, 1905.

The plaintiff's declaration charged the defendant with having allowed its locomotive tender to stand in a public highway, where, owing to its "size, shape and color, it was an object naturally calculated to frighten horses using the highway, which the defendant well knew," whence the plaintiff's horse took fright, &c. *Held*, that a verdict that established nothing as to the negligence so charged, beyond the fact that the tender stood within the boundaries of the highway, was inconclusive, and should be set aside.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *William C. Gebhardt.*

For the defendant the Lehigh Valley Railroad Company, *H. Burdett Herr.*

The opinion of the court was delivered by

GARRISON, J. Where the tracks of the Easton and Amboy Railroad Company, at Landsdown station, cross a public road at about a right angle, a tender attached to a locomotive engine belonging to the Lehigh Valley Railroad Company was standing at some distance from the traveled portion of the road, but partly within the line that divided the road

from the private property of the Easton and Amboy Railroad Company. The tender, which was black in color and had been newly painted, was within the boundaries of the highway, but not near to its traveled portion. The locomotive, which was in charge of an employe of the Lehigh Valley company, was making no noise and emitting no steam or smoke, and was not upon the highway. The plaintiff approached this crossing, seated in a one-horse truck. The horse was being driven by the plaintiff's son, who occupied a seat beside the plaintiff. When some distance from the crossing and in full view of the tender, and because of its presence, the horse was stopped for five minutes, after which it was driven past the rear end of the tender, at which it took fright.

The jury found a verdict for the plaintiff under the instruction of the trial court that the defendant was guilty of negligence if any portion of the tender was within the boundaries of the public road. This verdict establishes nothing as to the negligence charged by the declaration beyond the fact that some portion of the tender was within the boundaries of the highway.

The declaration had charged that the defendant "allowed a certain locomotive engine and tender to stand upon the said public highway, which said locomotive and tender was of great and unusual size and of unusual color and shape, and of such size, color and shape as was naturally calculated to frighten horses of ordinary gentleness, so that it was probable that it would frighten them when upon said highway, which the said defendant then and there well knew." The negligence thus charged, resting in part upon the likelihood that the tender, because of its size, color and shape, would frighten horses, involved the question whether the servants of the defendant, in the exercise of reasonable prudence, ought to have anticipated that the tender would probably occasion such fright. But upon this question the verdict of the jury is entirely silent, although by a request of the defendant, which was denied, the attention of the

court was directed to the materiality of this feature of the issue.

That the failure of the jury to pass upon this question was injurious to the defendant is palpable from the consideration that the plaintiff, who had at least as good an opportunity as the defendant had of estimating the probability that the tender was an object that would frighten horses, apparently resolved the question in the negative by driving past it. This may or may not have been contributory negligence on his part, but it certainly was the taking of a risk which, if it existed at all, was as obvious to the plaintiff as it was to the defendant—indeed, more so, for the former had the additional advantage of knowing the temper and qualities of his horse. The taking of this risk by the plaintiff was the incurring of an obvious danger if the result of which he now complains was the probable consequence of taking such risk. If it was not, *i. e.,* if there was no reasonable probability that the horse would take fright, then the negligence with which the defendant was charged by the declaration was not made out, and will not be presumed. Judgment should not go against the defendant upon a verdict that does not in some fashion dispose of the issue raised by the pleadings.

The rule to show cause will be made absolute.